PROB 12C
(7/93)

Report Date: February 23, 2016

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2016

SEAN F. McAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Louis Edward Harris                Case Number: 2:12CR00139-RMP-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: June 17, 2013

| | | |
|---|---|---|
| Original Offense: | Theft from an Indian Tribal Organization under $1,000, 18 U.S.C. § 1163 | |
| Original Sentence: | Probation - 60 Months | Type of Supervision: Probation |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard | Date Supervision Commenced: June 17, 2013 |
| Defense Attorney: | Federal Defenders | Date Supervision Expires: June 16, 2018 |

## PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance
---|---

1 | **Mandatory Condition # 1**: The offender shall not commit another Federal, state, or local crime.

**Supporting Evidence**: According to an incident report completed by the Spokane Tribal Police, on April 30, 2015, a Spokane Tribal police officer observed a green pick up traveling eastbound in the westbound lane of travel.  The said vehicle was passing two vehicles and was in a no passing zone.  The officer also received a target reading that the vehicle was traveling 73 miles-per-hour (MPH) in a 50 MPH zone.

The officer initiated a traffic stop on the green pick up.  The driver was identified as Mr. Harris. Mr. Harris asked why he was stopped by the officer.  The officer reportedly told him he was passing vehicles in a no passing zone and was traveling 73 MPH in a 50 MPH zone.  Mr. Harris allegedly told the officer he had passed the other vehicles in a passing zone and said the officer had no authority to do anything to him.

Subsequently, the officer advised Mr. Harris he was under arrest for reckless driving.  Mr. Harris stepped out of his vehicle and the officer began to handcuff him.  As the officer was applying the handcuffs, Mr. Harris allegedly turned around toward the officer.  The officer forced Mr. Harris up against the inside of the driver's side door of the vehicle, at which time the handcuffs were applied.  Once Mr. Harris was detained and in the officer's patrol car,

he apologized. The officer issued Mr. Harris a citation for reckless driving and released him at the scene.

The officer returned to the scene of the incident where the officer observed the no passing zone was clearly marked on the roadway surface. The officer measured from where he first observed Mr. Harris passing to the end of the no passing zone, which was 640 feet. Additionally, the officer measured the entire distance of the no passing zone, which was 970 feet.

On May 4, 2015, Mr. Harris was charged formally in the tribal court of the Spokane Tribe of Indians of the Spokane Indian Reservation (Spokane Tribal Court) with reckless driving.

On July 24, 2015, Mr. Harris was found guilty of reckless driving in Spokane Tribal Court.

On August 20, 2015, Mr. Harris was sentenced in Spokane Tribal Court to 2 days confinement and a $150 fine.

2   **Standard Condition # 2**: The offender shall report to the probation officer in a manner and frequency directed by the court or probation officer.

**Supporting Evidence**: On August 11, 2015, the undersigned officer attempted to contact Mr. Harris at his residence for the purposes of an unannounced home contact. Upon knocking on the door, there was no response. Subsequently, the undersigned officer left a business card in the door with a note instructing Mr. Harris to contact the undersigned. Mr. Harris has not contacted the undersigned officer.

On September 8, 2015, the undersigned officer attempted to contact Mr. Harris by text message, in which he was instructed to call the undersigned officer immediately. He did not respond to that text message.

On September 25, 2015, the undersigned officer attempted to contact Mr. Harris using his listed cellular telephone number and left a voice mail message, as well as a text message, instructing him to contact the undersigned immediately. Mr. Harris did not respond to those messages.

Also on September 25, 2015, the undersigned officer sent Mr. Harris a letter using his last known mailing address that instructed him to report to the U.S. Probation Office on October 5, 2015. He failed to report to the U.S. Probation Office on October 5, 2015.

On October 15, 2015, the undersigned officer sent Mr. Harris a text message instructing him to contact this officer by 4 p.m. or a warrant request would be made to the Court. He responded to the aforementioned text message and agreed to report to the U.S. Probation Office on October 16, 2015.

On October 16, 2015, Mr. Harris reported to the U.S. Probation Office in Spokane, Washington, as instructed.

Mr. Harris is currently back in compliance and is reporting as directed.

3   **Standard Condition # 5**: The offender shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

**Supporting Evidence**: Since his term of probation commenced on June 17, 2013, Mr. Harris maintained employment at a landscaping company for a short period of time in October 2013. Mr. Harris also reportedly attended classes at Spokane Falls Community College during the spring quarter in 2014, but reportedly failed two classes and has not continued his education. In addition, Mr. Harris reported being employed by a business owned by his girlfriend's father in North Dakota in August 2014. However, in November 2014, Mr. Harris reported that this employment did not work out. Aside from the two aforementioned jobs and reportedly attending 1 quarter of college classes, Mr. Harris has been unable to maintain employment during his term of probation.

Mr. Harris is currently employed by the Spokane Tribe Housing Authority. Mr. Harris gained said employment on or about November 23, 2015.

4	**Special Condition#14**: You shall complete 240 hours of community service work at a not-for-profit site approved in advance by the supervising probation officer subject to your ability to work for money. The hours are to be completed in full no later than July 1, 2015.

**Supporting Evidence**: As of the date of date of this violation report, Mr. Harris has provided documentation indicating he has completed 96 hours of community service. Mr. Harris stated he has completed additional hours, but has yet to provide documentation confirming he has completed any further community service hours.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   February 23, 2016

s/Charles Kuipers

Charles Kuipers
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[x]   The Issuance of a Summons
[x]   Other

If within 10 days of this Order, Defendant contacts his supervising probation officer and provides the requested documentation regarding his completion of community service hours, Defendant will not have to appear in Court. If Defendant fails to contact his supervising probation officer and fails to provide the requested documentation regarding completion of community service hours within 10 days of this Order, Defendant must appear before this Court on March 8, 2016, at 9:30 a.m.

Signature of Judicial Officer

2/24/2016
Date